United States District Court
Southern District of Texas
**ENTERED**
July 20, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES M. MILES, (TDCJ–CID #2238032) | § § § | CIVIL ACTION NO. 4:20–cv–1870 |
| Plaintiff, | § § | |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| BRIAN COLLIER, *et al.*, | § § § | |
| Defendants. | § | |

### ORDER ON PENDING MOTIONS

Plaintiff James M. Miles is an inmate of the Luther Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He brings action with respect to potential exposure to COVID-19.

His motion for a temporary restraining order is denied without prejudice. Dkt 6. His motion for the appointment of counsel is also denied without prejudice. Dkt 8. His motion to amend the complaint is granted. Dkt 7.

1. Motion for temporary restraining order

Miles brings this action pursuant to 42 USC § 1983, alleging deliberate indifference by the TDCJ–CID to potential exposure to COVID-19. He moves for an emergency order. Dkt 6. He did not file a certificate of service with his motion.

The Court construes this as a motion for a temporary restraining order on an *ex parte* basis. Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order without notice to the other party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party

can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Miles provides no support for his request to proceed without notice to Defendants or why notice should not be required. He also describes no efforts he has made to advise Defendants of this request or his current pleading. Rule 65(b) thus requires denial. See *Rockwell v Delaney*, 2019 WL 2745754, *2 (WD Tex); *Nguyen v Bank of America, NA*, 2017 WL 4478261, *1 (SD Tex).

Beyond this, the award of preliminary injunctive relief depends upon the familiar factors of a substantial likelihood of success on the merits, a substantial threat of irreparable injury if the injunction is not granted, an evaluation that the threatened injury to the plaintiff outweighs the threatened injury the injunction may cause the defendants, and a determination that the injunction does not disserve public interest. *Rodriguez v United States,* 66 F3d 95, 97 (5th Cir 1995) (per curiam), citing *Mississippi Power & Light Co v United Gas Pipe Line Co,* 760 F2d 618, 621 (5th Cir 1985). A preliminary injunction should not be granted unless the movant carries the burden of persuasion by a clear showing. *Cherokee Pump & Equipment, Inc v Aurora Pump*, 38 F3d 246, 249 (5th Cir 1994). Any injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is considered an extraordinary remedy. *Morrow v Harwell*, 768 F2d 619, 627 (5th Cir 1985).

Similar cases have been filed in a number of courts with respect to different prison facilities, including one action before Judge Ellison in the Southern District of Texas. See *Valentine v Collier*, Case No 4:20-cv-1115 (SD Tex 2020). Inmates represented by counsel at the Wallace Pack Unit in Grimes County, Texas filed suit alleging that the prison failed to protect them from exposure to COVID-19. The inmates held there are disproportionately elderly or with underlying health conditions. Judge Ellison entered a preliminary injunction after an evidentiary hearing that regulated cleaning procedures, required masks for inmates and staff, and mandated testing, among other requirements. *Valentine v Collier*, 2020 WL 1899274, *1–2 (SD Tex). The Fifth Circuit stayed that injunction pending

appeal. See *Valentine v Collier*, 956 F3d 797, 799 (5th Cir 2020) (per curiam). The Supreme Court declined to vacate the stay. See *Valentine v Collier*, 140 S Ct 1598 (2020). The Fifth Circuit most recently vacated the preliminary injunction upon finding that the Texas Department of Criminal Justice had substantially complied. *Valentine v Collier*, 960 F3d 707 (5th Cir 2020) (per curiam).

The complaint brought by Miles requests very detailed relief that if implemented would be quite intrusive on procedures at the TDCJ–CID. These would include:

- o Imposition of mandatory social-distancing practices during housing, recreation, and dining;
- o Distribution of effective hand sanitizer;
- o Modification of procedures for scanning inmate identification cards to avoid physical contact; and
- o Reasonable response to medical needs.

Dkt 6 at 2–5.

These requests for relief are in many ways similar to that ordered in *Valentine*. But apart from general description, Miles has not alleged with sufficient detail what practices are currently in place at the Luther Unit and why they are deficient. This is in considerable contrast to the factual record developed by counsel representing the inmates before Judge Ellison in *Valentine*.

Particularly given the stay and then vacatur entered by the Fifth Circuit in *Valentine*, the Court finds that Miles has not clearly carried his burden of persuasion. An *ex parte* temporary restraining order is inappropriate at this juncture.

2. Motion for appointment of counsel

Miles requests an order for the appointment of counsel. Dkt 8. There is no automatic right to appointment of counsel in civil rights cases. See *Baranowski v Hart*, 486 F3d 112, 126 (5th Cir 2007). But a district court may appoint counsel on finding that exceptional circumstances exist. *Cupit v Jones,* 835 F2d 82, 86 (5th Cir 1987), citing *Jackson v Dallas Police Department*, 811 F2d 260, 261 (5th Cir 1986) (per curiam). The Fifth Circuit has articulated several factors to guide this consideration:

- o The type and complexity of the case;

- o Whether the indigent party is capable of adequately presenting the case;
- o Whether that party is in a position to adequately investigate the case;
- o Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and
- o Whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F2d at 261–62, citing *Ulmer v Chancellor*, 691 F2d 209, 213 (5th Cir 1982).

As to the first factor, Miles's civil rights claims do not appear to present any complexities that are unusual in prisoner actions. As to the second and third factors, Miles has to this point filed clear and well-articulated pleadings. Examination of the fourth factor is premature because the case has not been set for trial. As to the fifth factor, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

The Court finds that appointment of counsel is not warranted at this time. Miles may reassert this motion if circumstances change.

3. Motion to amend complaint

Miles seeks to amend his complaint to correct the names of the defendants. Dkt 7. A party may generally amend its original pleading as a matter of course within twenty-one days of service. FRCP 15(a)(1). After that, a party may amend its pleading only with the opponent's written consent or permission of the court. FRCP 15(a)(2). "The court should freely give leave when justice so requires." Ibid.

The amendment sought is reasonable and timely. Miles may amend his complaint as requested.

4. Conclusion

The motion for temporary restraining order is DENIED WITHOUT PREJUDICE. Dkt 6. Miles may seek preliminary relief at a later juncture if appropriate.

The motion for appointment of counsel is DENIED WITHOUT PREJUDICE. Dkt 8. Miles may seek appointment of counsel at a later juncture if warranted.

The motion to amend to correct the names of the defendants is GRANTED. Dkt 7. The Clerk must correct the docket sheet to reflect that the named defendants are Bryan Collier and Latunja Jones.

SO ORDERED.

Signed on July 20, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge